US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 25 2022

JAMIE GIANI, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22CR20001-001 |
| | ) | |
| LARRY ARTHUR KELLEY | ) | |

### FORFEITURE MONEY JUDGMENT

On January 25, 2022, the Defendant pleaded guilty to Count One of an Information charging the Defendant with Wire Fraud, in violation of Title 18 U.S.C. § 1343.

In the forfeiture allegation of the Information, the United States seeks forfeiture, pursuant to Title 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to a money judgment.

Pursuant to the plea agreement, the United States and the Defendant have agreed that the Defendant shall forfeit all rights, title and interest in a money judgment in the amount of $98,027.60. This sum represents property that constitutes, or is derived from, or is traceable to the proceeds obtained from the commission of the scheme to defraud. The Defendant also agreed to execute any and all documents requested by the United States to facilitate or complete the forfeiture process. The Defendant further agreed not to contest or to assist any other person or entity in contesting the forfeiture of property seized in connection with this case.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That a money judgment in the amount of $98,027.60 in United States Currency shall be entered against the Defendant, Larry Arthur Kelley, as proceeds obtained indirectly or directly from the conduct for which the Defendant has been convicted.

2. The Defendant shall execute any and all documents requested by the United States to facilitate or complete any subsequent forfeiture processes.

3. The Defendant shall not to contest or assist any other person or entity in contesting the forfeiture of property seized in connection with this case.

4. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this judgment, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this order and according to the terms of the plea agreement, and to conduct any discovery the Court may consider proper in identifying, locating, or disposing of the property.

5. Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1), no ancillary proceeding is required to the extent that a forfeiture consists of a money judgment.

6. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), any order of forfeiture becomes final as to the Defendant at sentencing.

7. If the Defendant does not pay the $98,027.60 in United States Currency at sentencing and those assets:

    a. Cannot be located upon the exercise of due diligence;

    b. Have been transferred to, or deposited with a third party; or

    c. Have been placed beyond the jurisdiction of the Court;

then any other property of the Defendant up to the value of the total amount of forfeited property shall be forfeited to the United States as substitute assets pursuant to 18 U.S.C. § 982(b)(1), incorporating by reference 21 U.S.C. § 853(p).

8. Regarding any substitute assets seized to satisfy this Order, the Defendant shall be credited the appraised value of each asset, to be applied towards the $98,027.60 forfeited.

9. The Defendant will be entitled to an offset against any restitution ordered to the extent that property forfeited to satisfy this money judgment or proceeds of the sale of forfeited property is remitted to victims.

IT IS SO ORDERED this 25th day of May 2022.

_____
HONORABLE P.K. HOLMES III
UNITED STATES DISTRICT JUDGE

Approved as to Form and Content:

_____
Larry Arthur Kelley

_____
Phillip Milligan, Counsel for Defendant

_____
Aaron Jennen, Assistant U.S. Attorney